IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL 268,** *ET AL.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 22-cv-1148-DWD ) |
| **ENSKAT MECHANICAL, LLC,** | ) ) ) |
| Defendant. | ) |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Now before the Court is Plaintiffs' Motion to Set Aside Default (Doc. 15). For the reasons detailed below, Plaintiffs are **DIRECTED** to file a supplement to their motion by **September 20, 2022**.

## <u>Discussion</u>

This action was filed under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, by Plaintiffs seeking to collect unpaid contributions from Defendant Enskat Mechanical, LLC (Doc. 1). The complaint was filed on June 2, 2022 (Doc. 1). Plaintiffs appeared to serve Defendant with summons and a copy of the complaint on June 9, 2022 (Doc. 5). Defendant's answer was due by June 30, 2022 (Doc. 5). Defendant has not entered an appearance or responded to the Complaint.

On July 11, 2022, Plaintiffs filed their Motion for Entry of Default (Doc. 6) and Motion for Default Judgment (Doc. 7). The Motion for Entry of Default (Doc. 10) was

1

stricken the same day (Doc. 10). The docket entry striking the Motion for Entry of Default indicates that the Motion was "stricken per filer's request." (Doc. 10).[1] Because the Motion for Entry of Default was stricken and no new Motion was filed, the Court denied Plaintiffs' Motion for Default Judgment (Doc. 7) as premature (Doc. 11). In this Order, the Court instructed Plaintiffs that default judgment is only appropriate after an entry of default is entered pursuant to Fed. R. Civ. P. 55(a).

On July 26, 2022, a Notice of Impending Dismissal was entered directing Plaintiffs to move for default pursuant to Fed. R. Civ. P. 55 by August 16, 2022 (Doc. 13). The Notice stated that it was Plaintiffs' responsibility to request that a default be entered against Defendant (*Id.*). The Notice further cautioned that a failure to move for default by the August 16, 2022 deadline would result in dismissal of Plaintiffs' case for a want of prosecution (Doc. 13). Plaintiffs did not meet this deadline, and the Court received no further correspondence from Plaintiffs concerning this matter. Accordingly, on September 1, 2022, the Court dismissed this matter, without prejudice, for Plaintiffs' failure to prosecute, and directed the Clerk to enter judgment accordingly (Doc. 14). Judgment was entered on September 2, 2022 (Doc. 16).

Also, on September 2, 2022, Plaintiffs filed a Motion to Set Aside the Dismissal Order (Doc. 15). In its entirety, the Motion states:

> Come now plaintiffs and move this Court to set aside the dismissal order issued on September 1, 2022 (Doc. #14). In support of this motion, plaintiffs state that they had previously filed a motion for default (Doc. #7) and

---

[1] Although the Motion for Entry of Default (Doc. 6) was ultimately stricken, the Court observes that the Motion itself was deficient because it sought an order of default against two defendants not named in Plaintiffs' Complaint. The Motion also failed to mention Defendant Enskat, and referred to a complaint dated April 2, *2016* (*Id.*).

assumed that that filing, which was initially denied, would be deemed resubmitted.

Plaintiffs do not indicate the basis for their motion. However, usually the motion will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701–02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000).

Under either Rule, the moving party generally must demonstrate (1) good cause for its default, (2) quick action to correct the default, and (3) a meritorious defense. *See, e.g.*, *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009); *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996); *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 187 (7th Cir. 1982) ("The elements for relief from default judgment are basically the same as the elements for setting aside an entry of default, although the tests are more stringently applied in the case of a default judgment.").

Clearly, Plaintiffs took quick corrective action in response to the Dismissal Order. The Order was entered on September 1, 2022, and Plaintiffs moved to set it aside on September 2, 2022. Nevertheless, the Motion is very brief, and simply does not provide enough explanation as to why the judgment should be reconsidered or set aside, and the case reinstated. See *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 860 (7th Cir. 2017)

4

(citing *Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999) ("It is not the responsibility of this court to make arguments for the parties.")). Indeed, the only explanation offered for ignoring the instructions in the Notice of Impending Dismissal, is Plaintiffs' representation that they assumed a previously denied motion would be deemed resubmitted. The Court is perplexed as to the genuineness of this argument considering the plain language in the Notice of Impending Dismissal stating that it was Plaintiffs' responsibility to request default. *See also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (litigants, and their attorneys, have a "responsibility to seek clarification from the court before attempting to make self-serving assumptions" about the court's directives).

This dearth of information, lack of explanations, and absence of developed legal arguments in Plaintiffs' Motion compels the Court to deny the motion. Nevertheless, the Court is cognizant that there is a "policy of favoring trial on the merits over default judgment." *See Cracco*, 559 F.3d at 631. Therefore, Plaintiffs are **DIRECTED** to file a supplement to their Motion (Doc. 15) by **September 20, 2022,** to make the requisite above-described showings. A failure to timely file a supplement will result in a denial of Plaintiffs' Motion.

**SO ORDERED.**

Dated: September 6, 2022

_____
DAVID W. DUGAN
United States District Judge